UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A BRUZZONE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ATTORNEY OF NORTHERN CALIFORNIA DISTRICT,<br><br>    Defendant. | Case No. 22-cv-06412-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO EXPAND PRE-FILING REVIEW ORDERS**<br><br>Re: Dkt. Nos. 14, 19, 32 |

Pending before the Court are the United States Attorney for the Northern District of California's ("Defendant" or "Government") motion to dismiss (Dkt. No. 14, "MTD") and motion to expand pre-filing review orders (Dkt. No. 19, "Review Order Mot.") as well as pro se Plaintiff's "motion to submit known (suspect concealed) evidence in hearing" (Dkt. No. 32 "Evidence Motion"). The motions have been fully briefed.[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below the Court **GRANTS** Defendant's motion to dismiss **WITHOUT LEAVE TO AMEND**, **GRANTS** Defendant's motion to expand pre-filing review orders, and **DENIES** Plaintiff's Evidence Motion.

**I. REQUEST FOR JUDICIAL NOTICE**

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of

---

[1] Plaintiff submitted an untimely opposition to the motion to dismiss (Dkt. No. 21 "MTD Opp.") and Defendant filed a reply (Dkt. No. 28). Plaintiff submitted an opposition to the motion to expand pre-filing review orders (Dkt. No. 27, "Review Order Opp.") and Defendant filed a reply (Dkt. No. 29). Defendant filed a statement of non-opposition to Plaintiff's Evidence Motion (Dkt. No. 35).

Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted).  The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document.  *Id*. at 999.  Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Id*.  As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id*. at 999–1000.

Citing Federal Rule of Evidence 201, Defendant requests that the Court take judicial notice of records in twenty-three other cases filed by Plaintiff and attaches Exhibits A-L, orders and opinions issued in several cases and appeals filed by Plaintiff.  *See* Dkt. No. 15 ("RJN") at 1-2.  The Court **GRANTS** Defendant's request and takes judicial notice of 1) the fact that these cases and documents were filed, and 2) of any judicial findings contained in them.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo,* 971 F.2d 244, 248 (9th Cir.1992) (explaining that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

## II.     FACTUAL BACKGROUND

Plaintiff's complaint is difficult to follow.  To the best of the Court's understanding, Plaintiff is suing the Government for its decision not to intervene in some of Plaintiff's previous litigation against Intel.  *See* Compl. at 12.  Plaintiff has been declared a vexatious litigant as to "litigation against Intel and/or its current or former employees." *See Bruzzone v. Intel Corporation*, 14-cv-01279-WHA, Dkt. No. 88 ("2014 Order") at 13 (N.D. Cal. Aug. 19, 2014).  Mr. Bruzzone has also been declared a vexatious litigation as to "litigation against James

McManis, William Faulkner, McManis Faulkner, its current employees, and its former employees." *Bruzzone v. McManis*, 18-cv-01235-PJHRJN, Dkt. No. 58 ("2018 Order") at 14 (N.D. Cal. Oct. 31, 2018).

Defendant moves to dismiss Plaintiff's complaint due to lack of subject matter jurisdiction, failure to comply with Rules 8 and 10, and failure to state a claim. *See generally* MTD. Defendant also moves to expand the existing pre-filing review orders "to include the United States and its employees, including defendants Plaintiff has named in the instant and prior actions." *See* Review Order Mot. at 2.

## III. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266

3

F.3d at 988. And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation omitted).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). In addition, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### B. Discussion

#### i. Subject Matter Jurisdiction

The Government argues that this Court lacks jurisdiction because the United States has not waived sovereign immunity. *See* MTD 8-12. The Court agrees.

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity . . . . If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." *Esquivel v. United States*, 21 F.4th 565, 572–73 (9th Cir. 2021) (quotations omitted). The Government interprets Plaintiff's complaint as alleging the following claims: "(1) violations of the False Claims Act; (2) breach of various implied quasicontractual obligations; (3) negligence; (4) libel; (5) conspiracy to

4

1    violate Plaintiff's civil rights under 42 U.S.C. § 1985; and (6) violations of the Due Process Clause
2    of the Fourteenth Amendment." MTD at 9 (citing Compl. at 4-7, 10). The Court adopts the
3    Government's liberal construction of Plaintiff's complaint for purposes of this order.
4    　　　　In its motion, the Government walks through each type of claim and argues that the United
5    States has not waived sovereign immunity for any of them, providing supporting case law. *See id.*
6    at 10-12 (collecting cases). Mr. Bruzzone does not provide any comprehensible or coherent
7    response. *See generally* MTD Opp. The Court agrees with the Government's arguments and finds
8    that it lacks subject matter jurisdiction over the claims in the complaint because the United States
9    has not waived sovereign immunity as to any of the claims potentially alleged in the complaint.

          **ii.  Failure to State a Claim**

11   　　　　In the alternative, the Government argues that the case should be dismissed because
12   "Plaintiff fails to plead any cognizable legal theories or sufficient facts to plausibly state any
13   claims." MTD at 15. The Government points out that "[t]o the extent Plaintiff purports to base
14   his claim on the False Claims Act's authorization of *qui tam* actions in 31 U.S.C. § 3730(b), it is
15   black-letter law that Plaintiff cannot prosecute such an action *pro se* without the United States'
16   permission—which Plaintiff has not obtained here." *Id.* at 17. The Government further points out
17   that "[o]ther than the *qui tam* provision (which Plaintiff cannot use), the False Claims Act does not
18   authorize any other private cause of action that could possibly support Plaintiff's claims" and that
19   "[t]here is no express or implied cause of action for Plaintiff to bring suit against the United States
20   Attorney here." *Id.*
21   　　　　The Court agrees. Plaintiff's complaint alleges no legally cognizable claim against the
22   United States Attorney: to the best of the Court's understanding, Plaintiff is suing the Government
23   because it declined to intervene in his *qui tam* action against Intel. But the False Claims Act does
24   not require the Government to intervene in a *qui tam* action: it specifically states that the
25   Government may elect not to proceed with an action. *See* 31 U.S.C. § 3730(c)(3) ("If the
26   Government elects not to proceed with the action, the person who initiated the action shall have

1  the right to conduct the action").[2]

2  To the extent Plaintiff claims that he had some sort of contractual or quasi-contractual
3  arrangement with the Government (*see e.g.,* Compl. at 10), this claim is also frivolous.  As the
4  Federal Circuit explained in an appeal filed by Mr. Bruzzone in one of his previous actions, "*qui*
5  *tam* actions themselves do not give rise to any contractual obligations because, at most, they arise
6  only from an imputed promise to perform a legal duty."  *Bruzzone v. United States*, No. 2022-
7  1470, 2022 WL 3147196, at *1 (Fed. Cir. Aug. 8, 2022).  The Court agrees with the Government
8  that the Complaint, to the extent the Court can even understand it, simply does not allege any
9  "facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, under any
10 theory, with respect to Defendants' purported obligation to pay Plaintiff over $68 million.

11 The Court therefore dismisses the complaint due to 1) lack of subject matter jurisdiction,
12 and 2) failure to state a claim.[3]  Based on the nature of the deficiencies in Plaintiff's complaint and
13 his subsequent filings, the Court finds that granting leave to amend would be futile.  The Court
14 therefore **DISMISSES** the complaint **WITHOUT LEAVE TO AMEND**.  *See Ramirez v. Galaza*,
15 334 F.3d 850, 860 (9th Cir. 2003) (explaining that "[l]eave to amend should be granted unless the
16 pleading could not possibly be cured by the allegation of other facts, and should be granted more
17 liberally to pro se plaintiffs") (quotations omitted).

18 **IV.    MOTION TO EXPAND PRE-FILING REVIEW ORDERS**

19 **A.    Legal Standard**

20 "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power
21 to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500
22 F.3d 1047, 1057 (9th Cir. 2007).  But the Ninth Circuit has cautioned that "such pre-filing orders
23 are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with
24 undue haste because such sanctions can tread on a litigant's due process right of access to the

---

[2] While it is true that "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States," *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007), no authority supports imposing any duty on the United States to intervene in a *qui tam* case brought by a pro se plaintiff.

[3] The Government makes additional arguments for dismissal in its briefing, which the Court does not reach here.

1   courts." *Id.* At the same time, "[f]lagrant abuse of the judicial process cannot be tolerated because
2   it enables one person to preempt the use of judicial time that properly could be used to consider
3   the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.
4   1990).
5         The Ninth Circuit has adopted a four-factor test to determine whether a pre-filing order is
6   warranted:

> When district courts seek to impose pre-filing restrictions, they must:
> (1) give litigants notice and an opportunity to oppose the order before
> it is entered; (2) compile an adequate record for appellate review,
> including a listing of all the cases and motions that led the district
> court to conclude that a vexatious litigant order was needed; (3) make
> substantive findings of frivolousness or harassment; and (4) tailor the
> order narrowly so as to closely fit the specific vice encountered.

*Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quotations omitted and cleaned up).

### A. Discussion

Even though the use of pre-filing review orders "against a pro se plaintiff should be approached with particular caution," the Court finds that all four factors are met and that such an order is warranted. *See De Long*, 912 F.2d at 1148 (quoting *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.)).

#### i. Notice

The Government filed a motion to expand the pre-filing review orders, which Plaintiff opposed. *See* Review Order Mot. and Review Order Opp. Plaintiff therefore has had "notice and an opportunity to oppose the order before it is entered." *Ringgold-Lockhart,* 761 F.3d at 1062; *see also Balik v. City of Torrance*, 841 F. App'x 21, 22 (9th Cir. 2021) (rejecting as unpersuasive plaintiff's argument that he was "entitled to a hearing before the district court declared him a vexatious litigant").[4]

#### ii. Record for Appellate Review

The record for appellate review "needs to show, in some manner, that the litigant's

---

[4] *Balik* and the other unpublished Ninth Circuit decisions cited in this order are not precedent, but may be considered for their persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

activities were numerous or abusive." *See De Long*, 912 F.2d at 1147.  Plaintiff has filed over twenty cases in both state and federal courts, most of which either directly list Intel as a party or are related, as this case is, to his Intel litigation.  *See* RJN at 1; 2014 Order at 9; 2018 Order at 3.  Much ink has already been spilled summarizing Plaintiff's extensive litigation history and the Court will not repeat it in detail here.  *See* 2014 Order at 9; 2018 Order at 3.  Below is a summary of the cases filed by Mr. Bruzzone to date:

1. *Bruzzone v. Intel Corp., et al.*, No. 99-cv-779409 (Santa Clara Super. Ct. Jan. 20, 1999);
2. *Sealed Matter*, No. 08-cv-04169-WHA (N.D. Cal. Sept. 3, 2008)
3. *Sealed Matter*, No. 09-cv-00679-WHA (N.D. Cal. Feb. 17, 2009);
4. *Bruzzone v. Intel Corp.*, No. 11-cv-213829 (Santa Clara Super. Ct. Nov. 29, 2011);
5. *Bruzzone, et al. v. Intel Corp.*, et al., No. 13-cv-03729-WHA (N.D. Cal. Aug. 12, 2013);
6. *Bruzzone v. Intel Corp., et al.*, No. 14-cv-01279-WHA (N.D. Cal. Mar. 19, 2014);
7. *Bruzzone v. ARM Inc., et al.*, No. 14-cv-273902 (Santa Clara Super. Ct. Dec. 2, 2014);
8. *Bruzzone v. Greenwood, et al.*, No. 14-cv-273903 (Santa Clara Super. Ct. Dec. 2, 2014);
9. *Bruzzone v. Intel Corp.*, No. 15-mc-80002-WHA (N.D. Cal. Jan. 5, 2015);
10. *Bruzzone v. Intel Corp.*, et al., No. 16-mc-80042-VC (N.D. Cal. Feb. 22, 2016);
11. *Bruzzone v. Intel Corp.*, et al., No. 16-mc-80063-HSG (N.D. Cal. Mar. 16, 2016);
12. *Bruzzone v. Alsup*, No. 16-mc-80103-RS (N.D. Cal. May 10, 2016);
13. *Bruzzone v. Intel Corp. Legal Dep't, et al.*, No. 16-mc-80111-EMC (N.D. Cal. May 19, 2016);
14. *Bruzzone v. Intel Corp. Legal Dep't, et al.*, No. 16-mc-80126-JST (N.D. Cal. June 13, 2016);
15. *Bruzzone v. Intel Corp., et al.*, No. 16-mc-80233-WHA (N.D. Cal. Oct. 31, 2016);
16. *Bruzzone v. Arm Inc., et al.*, No. 17-cv-2943-WHA (N.D. Cal. May 23, 2017);

1       17.     *Bruzzone v. Alsup*, No. 17-cv-04558-JD (N.D. Cal. July 27, 2017);

2       18.     *Bruzzone v. McManis*, et al., No. 18-cv-01235-PJH (N.D. Cal. Feb. 26, 2018);

3       19.     *Bruzzone v. Intel Corp., et al.*, No. 18-cv-00865-KJM-DB (E.D. Cal. Apr. 10, 2018);

5       20.     *Bruzzone v. United States*, No. 21-cv-01261 (Fed. Cl. Apr. 15, 2021);

6       21.     *Bruzzone v. Intel Corp.*, No. 21-cv-01539-TLN-CKD (E.D. Cal. Aug. 27, 2021);

7       22.     *Bruzzone v. Intel Corp.*, No. 22-mc-00045 (E.D. Cal. Feb. 2, 2022);

8       23.     *Bruzzone v. Intel Corp.*, No. 22-cv-00430 (S.D. Iowa Dec. 19, 2022).

*See* RJN at 1.

Plaintiff has already been declared a vexatious litigant in this district as to litigation against Intel, James McManis, William Faulkner, and McManis Faulkner, and affiliated parties. *See* 2014 Order at 13; 2018 Order at 14. This order incorporates the factual record and reasoning contained in Judge Alsup's and Judge Hamilton's earlier vexatious-litigant order, which this order extends. *See* 2014 Order; 2018 Order.

### iii.     Substantive Findings of Frivolousness or Harassment

"An injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Instead, "[t]o decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (quotations omitted).

The Court finds Plaintiff's conduct frivolous and harassing. *See, e.g., Huggins v. Hynes*, 117 F. App'x 517, 518 (9th Cir. 2004) (affirming district court's pre-filing review order in part because plaintiff "abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and pleadings")." Plaintiff is apparently fixated on litigating against Intel and its employees and agents. He now attempts to skirt the pre-filing review orders that were issued to stop his harassment of Intel by suing the federal government for failing to intervene in his *qui tam* case against Intel, a patently unviable claim as a matter of law. *See generally* Compl. Like many of the cases and filings summarized in the earlier vexatious-litigant orders, the present complaint is hard to follow, but what the Court can understand confirms that it is frivolous. *See*

*generally id.* The number of cases Plaintiff has filed, the legal unviability of the present case, and his fixation with seeking to recover from someone for his repeatedly rejected claims against Intel lead the Court to find that his conduct is both frivolous and harassing.

### iv. Order is Narrowly Tailored

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the court approved the scope of an order because it prevented the plaintiff from filing "only the type of claims Molski had been filing vexatiously," and "because it [would] not deny Molski access to courts on any ... claim that is not frivolous." *Id.*

Defendants propose that Plaintiff be prevented from filing any complaints against the United States of America or any past, current, or future employees without first obtaining leave of Court. *See* Dkt. No. 19-1 ("Proposed Order"). The vexatious litigant order against Plaintiff has already had to be expanded once and the Court agrees that it should be expanded again. However, it finds the Government's suggestion too broad. The Court will limit the pre-filing order expansion to cover only cases filed against the Government and its employees which relate in any way to Plaintiff's litigation or claims against Intel or any of its employees, agents, or attorneys.[5]

## V.     EVIDENCE MOTION

The Court was unable to follow pro se Plaintiff's motion or understand what relief he seeks. To the extent Plaintiff seeks some sort of evidentiary hearing or proceeding, the motion is **DENIED** because the Court has found no subject matter jurisdiction over his claims.[6]

## VI.    CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss (Dkt. No. 14) **WITHOUT LEAVE TO AMEND**.

---

[5] In *Balik*, the Ninth Circuit affirmed an order which both dismissed a case because the "claims are too frivolous and unsubstantial to invoke subject matter jurisdiction," and entered a pre-filing review order against the plaintiff. *See* 841 F. App'x at 21-22. The Court reads *Balik* to confirm that it can issue a pre-filing review order in a case over which it lacks subject matter jurisdiction.
[6] Plaintiff was asked to re-notice his Evidence Motion (*see* Dkt. No. 33) and he appears to have filed a slightly different motion as part of that process (*see* Dkt. No. 34). Dkt. No. 34 was no more intelligible than Dkt. No. 32.

10

The Court **GRANTS** Defendant's motion to expand pre-filing review orders (Dkt. No. 19). Plaintiff may not file, without obtaining prior leave from the Court, any further pro se complaints:

a) against Intel Corporation, its current employees, its former employees, Evangelina Almirantearena, Steve Lund, Harley Stock, and/or Andrew Grove; or

b) against James McManis, William Faulkner, McManis Faulkner, its current employees, and/or its former employees; or

c) against the United States of America or the past, current, or future employees of the federal government—including employees of the United States Attorney's Office and the federal judiciary—that relate in any way to his litigation or claims against Intel and its past, current, or future employees, agents, or attorneys.

If Plaintiff wishes to file a complaint that meets the above description, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Plaintiff is warned that any violation of this order will expose him to contempt proceedings and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

The Court **DENIES** Plaintiff's Evidence Motion (Dkt. No. 32).

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and to close the case.

**IT IS SO ORDERED.**

Dated: 8/15/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge